IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dennis Cain, ) | Civil Action No.: 4:11-cv-2878-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| South Carolina Central Railroad Company, ) | |
| LLC, and RailAmerica, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Dennis Cain ("Plaintiff") filed the above action against Defendants, his employers, alleging wrongful termination and retaliation[1] in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C §§ 12101–12213 (West 2012). [*See* Am. Compl., Doc. # 17, at ¶¶ 42–62.]

On October 31, 2011, Defendants filed their Motion to Dismiss, or in the alternative, Motion for Summary Judgment, along with a memorandum in support. [Defs.' Mot., Doc. # 7.] Plaintiff filed his Response on November 23, 2011 [Pl.'s Resp., Doc. # 12], to which Defendants filed a Reply [Defs.' Reply, Doc. # 14].

This matter is before the Court after the issuance of the Report and Recommendation

---

[1] Plaintiff's Amended Complaint also contains a third cause of action for "mental and emotional distress." However, in his Response to Defendants' Motion for Summary Judgment, Plaintiff asserts that this is actually a request for damages and not a separate cause of action, and Plaintiff makes no argument as to why this alleged cause of action should be dismissed. [*See* Pl.'s Resp., Doc. # 12, at 15.] Further, in taking issue with the magistrate's conclusion that the above-captioned case should be dismissed in its entirety, Plaintiff did not address his emotional distress claim nor did he take issue with the magistrate's finding that the claim was for damages only. [*See* Obj., Doc. # 20, at 1–20.] Accordingly, dismissal of this supposed cause of action is appropriate.

("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[2] [R&R, Doc. # 18.] In the R&R, the magistrate recommends that the Court deny Defendants' Motion to Dismiss, but grant Defendants' Motion for Summary Judgment and dismiss this case in its entirety. Plaintiff timely filed Objections to the R&R on July 9, 2012 [Obj., Doc. # 20], to which Defendants replied on July 25, 2012 [Reply to Obj., Doc. # 22].

For the following reasons, this Court adopts the magistrate's recommendation.

**Background**

Plaintiff alleges in his Amended Complaint that he suffered from a spinal condition resulting in a disc bulge and that he was "taken out of work" in August 2009 and placed on medical leave. [Am. Compl., Doc. # 17, at ¶¶ 42–62.] Plaintiff claims that he was subsequently released to return to work, but that "Defendant failed and refused to return the Plaintiff to work contending that Plaintiff ha[d] certain restrictions" when in fact Plaintiff "did not have any restrictions from his physicians." [*Id*. at ¶¶ 19–20.]

Defendants claim that in August 2009, Plaintiff sought and received an indefinite period of leave relating to an off-duty illness, and that in November 2009, Plaintiff filed for and received short-term disability benefits retroactive to August 22, 2009. [Defs.' Mot., Seil Aff., Doc. # 7-2, at ¶ 5.] According to Defendants, in February 2010, at the end of the six months of allowed disability leave, Plaintiff was no longer able to perform the essential functions of a train service employee because he had failed to demonstrate that he was no longer under medical restrictions imposed by his treating physician. [*Id*. at ¶ 6.] Defendants contend that pursuant to a letter to Plaintiff dated

---

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Rogers for pretrial handling.

2

February 26, 2010, it informed Plaintiff that he was terminated effective February 26, 2010. [*Id*. at ¶ 5.]

On the other hand, Plaintiff alleges that he was able to perform the essential functions of his position "with or without accommodation" in February 2010. [Am. Compl., Doc. # 17, at ¶ 22.] Plaintiff also states that because he was a member of the union, "there were certain procedures that were required to be following in terminating [his] employment" [Pl.'s Resp., Cain Decl., Doc. # 12-1, at ¶ 9.] Specifically, Plaintiff claims he was required to go through a grievance process and he was still considered an employee during the grievance process. [*Id*. at ¶¶ 10–11.] Plaintiff claims he was notified on October 18, 2010, the date the grievance process regarding his termination was final, that his employment was terminated. [*Id*. at ¶ 12.] Plaintiff further asserts that he was informed by his union that could not file a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") or the South Carolina Human Affairs Commission ("SCHAC") prior to that date. [*Id*. at ¶ 12; Pl.'s Resp., Doc. # 12, at 6.]

Thus, Plaintiff claims his employment was terminated on October 18, 2010, and not on February 26, 2010. [Am. Compl., Doc. # 17, at ¶¶ 23–26.] Plaintiff filed a Charge of Discrimination with the EEOC on March 8, 2011, and received a Right to Sue letter on June 25, 2011. [*Id*. at ¶¶ 8–10.] Plaintiff alleges that Defendants' reasons for his termination were pretexual because Defendants perceived Plaintiff as disabled. [*Id*. at ¶¶ 21, 27.] Plaintiff also alleges "that the Defendant retaliated against the Plaintiff for his complaints regarding discrimination by not bringing him back during the Grievance process." [*Id*. at ¶ 60.]

## Standard of Review

The magistrate judge makes only a recommendation to the district court. The

recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond v. Colonial Life & Accident Ins*. Co., 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

**Discussion**

In his objections, Plaintiff first contends that, in the factual background section, the magistrate judge set forth "facts and site[d] to facts that are not correct." [Obj., Doc. # 20, at 4.] Plaintiff argues that, contrary to the requirement that a court view all facts and inferences in a light most favorable to the non-moving party, the magistrate viewed the facts and inferences in a light most favorable to Defendants. [*Id*. at 4–5.] *See also Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir.

1991). Specifically, Plaintiff argues that the magistrate failed to accept that Plaintiff was released with no restrictions and failed to find that Plaintiff is performing the exact same work for another employer.

While Plaintiff is correct that, for purposes of determining a motion for summary judgment, a court must view all facts and inferences in a light most favorable to the non-moving party, Plaintiff's objection is nonetheless without merit. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). First, in his R&R, the magistrate merely stated the respective allegations of both sides. [*See* R&R, Doc. # 18, at 1–3] Each sentence was cited to the respective party asserting the proposition, and it was clear in each paragraph that the facts discussed were as alleged by the party asserting them. [*Id.*] Second, the magistrate made no holding or finding regarding Plaintiff's medical restrictions or current employment. [*Id.* at 6–10.] Significantly, the magistrate's justification for granting summary judgment rested *solely* on the fact that Plaintiff failed to timely file a Charge of Discrimination following his termination, [*id.* at 6], which is the subject of Plaintiff's second objection.

Plaintiff argues the magistrate erred because he accepted Defendants' claim that Plaintiff was terminated on February 26, 2010, and not on October 18, 2010.

"Before filing suit under [the ADA], a plaintiff must exhaust [his] administrative remedies by bringing a charge with the [EEOC or the appropriate state agency]." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000) (citing *King v. Seaboard Coast Line R.R. Co.*, 538 F.2d 581, 583 (4th Cir. 1976)); see 42 U.S.C. § 12117 (applying the "powers, remedies, and procedures set forth in sections 2000e–4, 2000e–5, 2000e–6, 2000e–8, and 2000e–9 of this title"); 42 U.S.C. § 12203(c) (providing in part that the remedies and procedures under § 12117 are available to

aggrieved persons under this section). "[The timely filing of a charge] is mandatory: a violation not made the subject of a timely charge is 'the legal equivalent of a discriminatory act which occurred before the statute was passed' and is 'merely an unfortunate event in history which has no present legal consequences.' " *Venkatraman v. REI Sys., Inc*., 417 F.3d 418, 420 (4th Cir.2005) (quoting *United Air Lines v. Evans*, 431 U.S. 553, 558 (1977)). The failure to file a timely complaint with the EEOC bars the claim in federal court. *See McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir.1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court.").

A claimant must file a charge of discrimination with the EEOC within one hundred and eighty days of the alleged discriminatory act or acts, or within three hundred days from the alleged discriminatory act or acts if the claimant initially institutes proceedings with the appropriate state agency. *See* 42 U.S.C. § 2000e–5(e); 42 U.S.C. § 12117(a) In South Carolina, the SCHAC is the appropriate state agency. However, Plaintiff filed his claim directly with the EEOC.

As the magistrate noted, there appears to exist some split in authority as to whether a plaintiff who does not first file with a state or local agency must file with the EEOC within the first one hundred and eighty days days of the challenged action. *Compare Keeshan v. Eau Claire Co-op. Health Ctrs., Inc*., No. 3:05-3601, 2007 WL 2903962, at *4 n.2 (D.S.C. Oct. 2, 2007) *with Adams v. U.S. Airways, Inc*., No. 2:10-1658, 2011 WL 1326054, at *3, (D.S.C. March 16, 2011) (Report and Recommendation), *adopted by* 2011 WL 1261451 (D.S.C. Apr. 5, 2011). However, the Court agrees with the magistrate that it need not determine which limitations period is appropriate, as under either a 180-day limitations period or a 300-day limitations period the analysis is the same. Plaintiff filed his Charge with the EEOC on March 8, 2011. If Plaintiff was indeed terminated on

October 18, 2010, then he would have filed within one hundred and eighty days and would be timely within either statutory window. However, if Plaintiff was terminated on February 26, 2010, his Charge would have been filed more than three hundred days after termination and he would be untimely under either statutory window.

Plaintiff claims that by interpreting Plaintiff's termination date as February 26, 2010, as opposed to October 18, 2010, the magistrate is incorrectly viewing the facts in a light most favorable to Defendants. [Obj., Doc. # 20, at 5–6.] Accordingly, Plaintiff argues that the magistrate should have accepted his termination date of October 18, 2010, as true and denied Defendants' Motion for Summary Judgment. [*Id.*] This objection is also without merit.

First, Plaintiff does not dispute that Defendants submitted a letter to him stating that he was "terminated as of February 26, 2010," and requesting that Plaintiff return all company supplies in his possession. [Pl.'s Resp., Termination Letter, Doc. # 21-1, at 17.] In fact, Plaintiff attaches the letter as an exhibit to his own Response and Declaration. [*Id.*]

Second, while it appears beyond dispute that Plaintiff instituted a grievance process after receiving his termination letter, the magistrate correctly noted that, as a matter of law, pursuit of an internal remedy or grievance process does not toll the time period for filing a charge[3] of discrimination. *See Int'l Union of Elec. Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 239 (1976)

---

[3] Plaintiff appears to argue that had he filed the Charge prior to completion of the grievance process, Defendants would have been able to argue that Plaintiff's Charge was baseless because he could be reinstated at the conclusion of the grievance process. [Obj., Doc. # 20, at 7.] Plaintiff is unable to cite any legal authority for this supposition, which is understandable considering the relevant legal authority indicates a contrary proposition. *See, e.g., McGautha v. Jackson Cnty., Mo., Collections Dep't*, 36 F.3d 53 (8th Cir. 1994) (affirming several Title VII verdicts and noting that plaintiff simultaneously filed a union grievance and an EEOC charge); *Mahomes v. Potter*, 590 F.Supp.2d 775, 780 (noting that plaintiff filed both a union grievance and an EEOC charge).

7

(holding that existence and utilization of grievance or arbitration procedures under a collective-bargaining contract does not toll running of limitations period); *see also Del. State College v. Ricks*, 449 U.S. 250, 260-62 (1980) (dismissal of Title VII claim as untimely affirmed because "pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods"); *Mezu v. Morgan State Univ.*, 367 F. App'x 385, 388-89 (4th Cir. 2010) (date plaintiff denied promotion was date the period for filing charge began, not the date internal appeals process concluded); *Price v. Litton Business Sys., Inc.*, 694 F.2d 963, 965 (4th Cir. 1982) (plaintiff's Title VII claim arose when told he was to be terminated, not when he actually left). Although Plaintiff's contends in his objections that he had until the grievance process was completed before his termination was considered effective, he cites absolutely no legal authority for this proposition, nor does he cite any legal authority to contravene the magistrate's well-supported holding to the contrary. [Obj., Doc. # 20, at 6.]

Third, although Plaintiff asserts that he was informed by his union that his termination would not be final until his grievance procedure was complete, Plaintiff has made no allegation that this information came from Defendants. [*See* Pl.'s Resp., Doc. # 12, Cain Dec., Doc. # 12-1.] The communication from his employer made clear that Plaintiff was terminated on February 26, 2010. [Pl.'s Resp., Termination Letter, Doc. # 21-1, at 17.] Moreover, as the magistrate pointed out, even the documentation submitted by Plaintiff from supposed union officials demonstrates that Plaintiff was "fired" in February 2010 [Pl.'s Resp., Emails, Doc. # 12-1, at 23], and that he was pursuing other employment opportunities during the grievance process [*id.* at 24]. Even viewing the record in a light most favorable to Plaintiff, his own evidence undercuts his bald allegation that he was terminated by his employer on October 18, 2010. *See Mitchell v. Data General Corp.*, 12 F.3d 1310,

1316 (4th Cir. 1993) (finding that the evidence relied on at the summary judgment stage must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."); *Barber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992) (holding that the non-moving party may not rely on beliefs, conjecture, or conclusory allegations to defeat a motion for summary judgment).

Fourth, to the extent Plaintiff attempts to argue that the grievance process constituted ongoing discrimination that culminated upon final resolution of the grievance, this argument is without any legal support. A decision to affirm an allegedly discriminatory employment decision does not constitute a new adverse employment action capable of restarting the time for filing a charge of discrimination.[4] *Ricks*, 449 U.S. at 260-61; *Mezu*, 367 F. App'x at 388–89; *see also Lever v. Northwestern Univ.*, 979 F.2d 552, 556 (7th Cir. 1992) ("An employer's refusal to undo a discriminatory decision is not a fresh act of discrimination."); *McNeill v. Atchison, Topeka & Santa Fe Ry. Co.*, 878 F.Supp. 986, 989–90 (S.D. Tex. 1995) ("Although [p]laintiff filed a complaint with the Public Law Board, the 300-day statute of limitations period was not tolled.").

**Conclusion**

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of the objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Plaintiff's objections and adopts the magistrate's R&R.

---

[4] It is also critical to note that the grievance process was not carried out by Defendants, but by a Public Law Board which was established pursuant to federal law. [*See* Pl.'s Resp., Board Filing, Doc. # 12-1, at 3–13]. *See also* 45 U.S.C. § 153; *Henry v. Delta Air Lines*, 759 F.2d 870, 871–72 (11th Cir. 1985) ("The findings of [a public law board] are final and conclusive and subject to an extremely limited review by the federal courts.").

**IT IS THEREFORE ORDERED** that, pursuant to Federal Rule of Civil Procedure 56, Defendant's Motion for Summary Judgment [Doc. # 7] is **GRANTED**, and this case is **DISMISSED** with prejudice in its entirety.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
July 31, 2012